UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:  2:17-cv-290 FtM-99CM

JERRY LEWIS SEWARD,

    Plaintiff,

vs.

WEXFORD HEALTH SOURCE;
ROBERT HEMPHILL M.D.;
VELEZ C. BERRIO, M.D.;
HOWARD WETTERER, M.D.;
K. BLANKENSHIP, N.P.;
G. DURAND, S.H.S.A.;
THOMPSON, R.N.;
K. WILLIAMS, WARDEN;
J. DIXON; TERRANCE LAUS, C.O.;
J. LICATA; MARK ZELENA
    Defendants.
_____/

## DEFENDANT, WEXFORD HEALTH SOURCE[1]
## MOTION TO DISMISS COMPLAINT [DE 1]

COMES NOW, Defendant WEXFORD HEALTH SOURCE ("Wexford"), by and through its undersigned counsel, and files this its Motion to Dismiss the Complaint [DE 1] and states the following in support thereof:

## MOTION

1. The allegations in the Complaint raise unrelated claims against multiple unrelated defendants. Therefore the Complaint should be dismissed.

2. The allegations in the Complaint do not state a claim upon which relief can be granted. Therefore, the Complaint should be dismissed.

---

[1] Defendant's proper names is Wexford Health Sources, Inc.

3. Plaintiff has failed to comply with the presuit requirements to bring a medical negligence claim pursuant to F.S. §766.104 – § 766.106.

4. Additionally, the Complaint does not state a viable claim for punitive damages more specifically shown below. Therefore, the punitive damage claims should be stricken.

## MEMORANDUM OF LAW

### I. INTRODUCTION

The pro se, prison litigant Plaintiff is serving a 17 year sentence for drug trafficking. Plaintiff's Complaint raises unrelated claims against multiple unrelated defendants (Wexford the corporation and its employed medical providers; corrections officers; classification officers; and the Warden) which can be summarized as (1) deliberate indifference for the failure to properly diagnose and treat Scabies at the Charlotte Correctional Institution; (2) failure to properly treat Plaintiff's mental health issues; and (3) transferring Plaintiff to a less desirable prison in retaliation for his "instigations."

Wexford moves this Court to dismiss the Complaint for the following reasons: **A.** The Complaint raises unrelated claims against multiple unrelated defendants; **B.** Plaintiff has failed to state a claim upon which relief can be granted for Deliberate Indifference; **C.** Plaintiff has failed to comply with the presuit requirements to bring a medical negligence claim pursuant to F.S. §766.104 – § 766.106.

**D.** Furthermore, this Court should strike Plaintiff's punitive damages claim as they are not supported by fact or law.

### II. ARGUMENT

#### A. THE COMPLAINT RAISES UNRELATED CLAIMS AGAINST MULTIPLE UNRELATED DEFENDANTS.

Federal Rule of Civil Procedure Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." While a Plaintiff may assert as many claims against one defendant in a cause of action, he may not raise unrelated claims against multiple unrelated defendants in a single cause of action. Here, Plaintiff's claims are not related to the same basic issue or incident and they must be addressed in a separate complaint. See Glenn v. Conner, Case No. 8:12-cv-T-30-AEP, 2012 WL 1676643 (M.D. Fla. 2012) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The claims are unrelated with one another. Plaintiff sues Wexford and its employed medical providers (Dr. Hemphill, Dr. Berrios, Dr. Wetterer, Nurse Blankeship, HSA Durand, and Nurse Thompson ("Wexford Defendants")) for medical negligence and deliberate indifference related to their diagnosis and treatment of Scabies. In an unrelated claim within the Complaint, Plaintiff sues K. Williams, Warden J. Dixon, Terrance Laus, J. Licata, and Mark Zelena ("FDOC Defendants") for issues related to his transfer from Charlotte C.I. to another prison facility where he claims he did not receive proper psychiatric care. But for the fact they all work at the Wexford Defendants and FDOC Defendants work at Charlotte, CI, they are unrelated.

B. **PLAINTIFF FAILED TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE.**

    1. **WEXFORD'S ACTIONS, AS ALLEGED, DO NOT EQUATE TO DELIBERATE INDIFFERENCE.**

"'[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain,' which is prohibited by the Eighth Amendment." Harris v. Leder, 519

Fed.Appx. 590, 595 (11th Cir. 2013) (citing Estelle v. Gamble, 429 U.S. 97, 104, (1976) (internal quotation marks omitted)). "To establish deliberate indifference to a serious medical need, an inmate must show: (1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm (the objective component); and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law (the subjective component)." Harris, 519 Fed.Appx. at 595-96 (internal quotations and citations omitted). **"Disagreement over a matter of medical judgment does not constitute cruel and unusual punishment."** Id. at 596 (emphasis added). **"[T]he question of whether governmental actors should have employed additional…forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."** Id. (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (quoting Estelle, 429 U.S. at 107)) (emphasis added).

Additionally, there must be a showing that the acts of the medical defendants were intentional or reckless. Duff v. Prison Health Services, 2011 WL 4542507 at *8 (M.D. Fla. 2011) (citing Farmer v. Brennan, 511 U.S. 825, 833-38 (1994); Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 n. 28 (11th Cir. 1994) (recognizing that the Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law)). "The deliberate indifference standard is a demanding one, and a showing of negligence is never enough, as the Supreme Court has stated that 'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment…'" Duff, 2011 WL 4542507 at *8 (quoting Estelle, 429 U.S. at 104, 106). See also McElligott v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999) (holding

that failure to diagnose an inmate's colon cancer did not constitute deliberate indifference, even though it could be deemed extremely negligent).

"In order to properly establish the subjective component of the deliberate indifference analysis, the plaintiff must show that: (1) the defendants subjectively knew that a substantial risk of harm existed, (2) they disregarded that substantial risk, and (3) their conduct in disregarding that risk was more deliberate than mere negligence." Williams v. Arnold, 207 Fed.Appx. 980, 984 (11th Cir. 2006). "To establish the subjective component of deliberate indifference, the plaintiff must essentially show that the defendant intended to punish the plaintiff by depriving the plaintiff of necessary medical care." Id. at 984. "[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989).

See also Miller v. Correctional Medical Services, Inc., 2010 WL 3723998 (M.D. Ala. 2010) (dismissing plaintiff's § 1983 claims arising from inmate's death from sepsis due to defendants' failure to properly treat inmate's decubitus ulcers, or bed sores, on his body; plaintiff's allegations that defendants failed to properly diagnose and treat the inmate, misprescribed medication, failed to provide adequate or timely examinations, appropriate monitoring of medical conditions, appropriate plans of care, assessment of underlying medical conditions, and failed to follow internal policies and protocols for patient records, monitoring and treatment, may show gross negligence or medical malpractice, but did not rise to the level of deliberate indifference); Williams v. Arnold, 207 Fed.Appx. 980, 985 (11th Cir. 2006) (concluding that jail officials' delays in obtaining inmate's prescription medications for inmate's serious medical condition did not constitute deliberate indifference to support § 1983 claim for Eighth Amendment violation); Deese v. City of Jacksonville, 2008 WL 5158289 at *12 (M.D. Fla. 2008) (concluding that defendants' treatment of

inmate's sepsis, infected toe, and gangrene, which eventually led to amputation of leg, did not rise to level of deliberate indifference); Lee v. Alachua County, 2011 WL 2580162 (N.D. Fla. 2011) (dismissing inmate's § 1983 claim on grounds that alleged medical treatment of inmate's severe stomach virus did not rise to level of deliberate indifference; the defendants' failure to treat the inmate within the medical department and the nurse's recommendation that the inmate simply stay in bed and drink plenty of water until the virus ran its course did not constitute deliberate indifference—**disputes in medical judgment do not rise to the level of deliberate indifference**) (emphasis added); Schneider v. Parker, 2011 WL 722759 at *4 (M.D. Fla. 2011) (dismissing inmate's § 1983 claim on grounds that alleged medical treatment of inmate's staph infection and delay in such treatment did not rise to level of deliberate indifference; **inmate's claim essentially disagreed with course of treatment prescribed and thus, fails to state a viable claim of deliberate indifference to medical care**) (emphasis added); Kidd v. Maryweather, 2007 WL 2206847 at *6 (M.D. Ala. 2007) (concluding that treatment of inmate's spider bite and resultant staph infection and pneumonia and inmate's contention that he should have been placed in a medical observation unit and prescribed other antibiotics did not constitute deliberate indifference).

The Plaintiff's lawsuit is founded upon his difference of opinion regarding his course of treatment. "I think that this was not sound medical treatment because of the inmates that still had scabies for they were housed in the same quad, and mingled together in open bay for 5 days that I was there." (DE 1, page 15 of 79, ¶ 52). "I took it upon myself to gather the inmates used tubes of Permethrin out of the trash can and store them in my belongings." (Id. at ¶53). "Even after I left F-Dorm the itching and blisters re-appeared, so I used the cream left over to cure it." (Id. at ¶54).[2]

A difference of opinion with medical staff about the proper course of treatment does not

---

[2] The Court should not lose site of the contradiction here. Plaintiff gathered Permethrin tubes out of the trash and treated himself but complains of the cream's "six known carcinogens that can cause cancer, and other adverse reactions." (DE 1, page 61 of 79, Affidavit).

support a claim for deliberate indifference. Monfiston v. Wetterer, No. 2:15-cv-662 FTM-99, 2017 WL 5608242 (Nov. 21, 2017); Price v. Cameron, No. 2:10-CV-578-FTM-99, 2012 WL 3536795, at *6 (M.D. Fla. Aug. 14, 2012); (citing Palazon v. Sec'y Dep't of Corr., 361 Fed.Appx. 88, 89 (11th Cir. 2010)) (quoting Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995)) (whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); Harris, 941 F.2d at 1505 (a difference of medical opinion between the prison's medical staff and the inmate about the latter's course of treatment will not support a claim of cruel and unusual punishment). From the allegations of the Complaint itself, it is abundantly clear that the Plaintiff and others affected were quarantined and treated with Premethrin. Simply because the Plaintiff feels like he should have received another treatment method, can never rise to the level of deliberate indifference.

    **2.    NEGLIGENCE IS INSUFFICIENT TO STATE A VALID CLAIM FOR DELIBERATE INDIFFERENCE.**

"After incarceration, only the unnecessary and wanton infliction of pain… constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 citing Ingraham v. Wright, 430 U.S. 651, 670 (1977). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety." Id. at 319. "Accordingly, under [Supreme Court cases] Estelle and Farmer, deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) **by conduct that is more than mere negligence**." McElligott v. Foley, 182 F.3d 1248 (11 Cir. 1999). Furthermore, the "Supreme Court has held that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property." Faulkner v.

Monroe County Sheriff's Office 2010 WL 11469655 (S.D. Fla. Oct. 7, 2010) 10-CIV-10074 citing Daniels v. Williams, 474 U.S. 327, 329-336 (1986).

Based upon the four corners of the Complaint, Plaintiff's claim that his "bunkie" with Scabies was initially misdiagnosed which lead him to become infected, at worst is medical negligence but does not rise to the level of deliberate indifference.

### 3. PLAINTIFF HAS FAILED TO ALLEGE ANY POLICY OR PROCEDURE EQUATING TO DELIBERATE INDIFFERENCE.

Because Wexford is a corporation, liability only attaches if an official unconstitutional policy or custom of the corporation caused the alleged deprivation of constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Buckner v. Toro, 116 F.3d 450 (11th Cir. 1997) (extending the application of Monell to private corporations performing traditional public functions); Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc) (stating that a "[corporation] is liable under section 1983 only for acts for which [the corporation] is actually responsible"), abrogated in part by Bell Atl. Corp., 550 U.S. at 561-63. Therefore, a corporation's liability may not be vicarious. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Monell, 436 U.S. at 694.

"A policy is a decision that is officially adopted by the [corporation], or created by an official of such rank that he or she could be said to be acting on behalf of the [corporation]. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). "To establish a policy or custom, it is generally necessary to show a persistent and widespread practice. Moreover, actual or constructive knowledge of such customs must be attributed to the governing body of the [corporation]." Depew v. City of St. Mary's, 787 F.2d 1496, 1499 (11th Cir. 1986). The

Supreme Court requires "a plaintiff seeking to impose liability on a [corporation] under §1983 to identify a [corporate] 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997).

However, a plaintiff must do more than merely identify a policy—there must be proof the policy was created with "deliberate indifference to its known or obvious consequences." Davis v. DeKalb Cnty. Sch. Dist., 233 F.3d 1367, 1375-76 (11th Cir. 2000); see also Monell, 436 U.S. 658. That is, "liability under §1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986).

The Brown Court also narrowed the test for causation when it stated:

> [I]t is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Brown, 520 U.S. at 404 (emphasis in original). A plaintiff's burden is heavy, and the Eleventh Circuit described both the required showing and the reason for the heightened showing:

> This high standard of proof is intentionally onerous for plaintiffs; imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to respondeat superior liability—a result never intended by section 1983. As the Supreme Court has explained, '[t]o adopt lesser standards of fault and causation would open municipalities to unprecedented liability under §1983. In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a §1983 plaintiff will be able to

point to something the city "could have done" to prevent the unfortunate incident.

Gold v. City of Miami, 151 F.3d 1346, 1351 n.10 (11th Cir. 1998); see also Brown, 520 U.S. at 415 (stating that "[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability").

While a corporation may be liable for deliberate indifference regarding medical care, claims of negligence are never enough to satisfy pleading requirements, as "should haves" are not grist for constitutional litigation. Estelle, 429 U.S. at 106; Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

The Eleventh Circuit reviewed the necessary showing in McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004). There, the plaintiff brought section 1983 claims against a Georgia county, claiming policies constituted and resulted in deliberate indifference to his medical needs. Specifically, the plaintiff claimed a policy of understaffing officers to transport inmates to the hospital caused a delay in his transport to the hospital.

Plaintiff has two methods to establish Wexford's unconstitutional policy: (1) an officially promulgated unconstitutional policy, or (2) a widespread unconstitutional and unofficial custom or practice created by a policymaker for Wexford. He must also allege the policy was created with knowledge that his injury was a highly probable consequence of the policy's creation.

Nowhere in Plaintiff's Complaint does he even allege any policy of Wexford whatsoever.

### C. PLAINTIFF HAS FAILED TO COMPLY WITH THE PRESUIT REQUIREMENTS TO BRING A MEDICAL NEGLIGENCE CLAIM PURSUANT TO F.S. §766.104 – § 766.106.

Plaintiff state on [DE 1 p. 2 of 79] that he is suing the defendants for "medical malpractice." Florida's Medical Malpractice Act, found in Chapter 766, Florida Statutes (2017) requires compliance with a complex pre-suit investigation procedure that both claimant and defendant must abide by before a medical negligence claim can be filed in court. See §766.106; see also § 766.203.

Plaintiff's claim that Wexford was negligent which resulted in his injuries is a "claim for medical malpractice" under § 766.106(1)(a) which defines it as "a claim, arising out of the rendering of, or the failure to render, medical care or services." See § 766.106(1)(a); see also J.B. v. Sacred Heart Hospital of Pensacola, 635 So.2d 945, 949 (Fla. 1994) (Supreme Court of Florida held that pre-suit screening requirement under Chapter 766 applies to claims which arise out of the rendering or failure to render medical care or services.); St. Anthony's Hospital, Inc. v. Lewis, 652 So.2d 386, 387 (Fla. 2nd DCA 1995) (finding that the "duty of the hospital to select and review health care personnel arises under the medical malpractice statute.").

Plaintiff has not complied with any of Chapter 766 presuit requirements within the two year statute of limitations to do so, requiring Counts I and II be dismissed with prejudice. See Berry v. Padden, M.D., 84 So. 3d 1145 (Fla. 4th DCA 2012) (citing long standing Florida law justifying dismissal with prejudice when Plaintiff fails to comply with mandatory presuit requirements). Although, from the remainder of the Complaint it is difficult to tell where Plaintiff specifically alleges medical malpractice.

### D. FURTHERMORE, THIS COURT SHOULD STRIKE PLAINTIFF'S PUNITIVE DAMAGES CLAIM AS THEY ARE NOT SUPPORTED BY FACT OR LAW.

Plaintiff seeks punitive damages which are not supported by fact or law and should be

stricken from the Complaint under Fed.R.Civ.P. 12(f) which permits the Court to strike "redundant, immaterial, impertinent, or scandalous matter[s]."

As to punitive damages, it is well settled that punitive damages are appropriate in § 1983 cases "where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1089 (11th Cir. 1986) citing Smith v. Wade, 461 U.S. 30, 56 (1983). Yet, as argued above, Plaintiff has not alleged the requisite intent to establish deliberate indifference, let alone the heightened requirement of "conduct motivated by evil intent" to establish punitive damages.

## II. Conclusion

For the reasons argued above, the claims against Wexford must be dismissed.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was E-filed with the Clerk of Court through the CM/ECF system on **December 20, 2018**, and, is to be E-served by the Court Clerk to: Marie T. Rives, Esquire, Assistant Attorney General, Office of Attorney General, **Attorney on behalf of Theodore Laux, James Licata, Kara Williams and Craig Zelina**, 501 East Kennedy Blvd., Ste. 1100, Tampa, Florida 33602, Tel: (813) 577-4533, Fax: (813) 233-2886, SERVICE OF PLEADINGS: Marie.Rives@myfloridalegal.com;; Amanda.Cavanaugh@myfloridalegal.com and served by U.S. Mail to: was furnished by the undersigned via U.S. Mail to: **Pro Se Plaintiff, Jerry Lewis Seward** (DC#995101), South Florida Reception Center, 14000 NW 41st Street, Doral, Florida 33178-3003.

        CHIMPOULIS & HUNTER, P.A.
        Attorneys for Defendant, WEXFORD HEALTH SOURCES, INC.
        150 South Pine Island Road - Suite 510
        Plantation, FL   33324
        Phone: (954) 463-0033
        Fax: (954) 463-9562


BY: /s/ Alexander Dombrowsky
        ALEXANDER DOMBROWSKY, ESQUIRE
        Florida Bar No.:  186260
        Email - adombrowsky@chl-law.com
        M. KATHERINE HUNTER, ESQUIRE
        Florida Bar No.:  981877
        Email - khunter@chl-law.com